**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | | |
|---|---|---|
| PATRICIA FORBES, INDIVIDUALLY AND ON BEHALF OF ALL THE WRONGFUL DEATH BENEFICIARIES OF RAFAEL FORBES, DECEASED | | **PLAINTIFFS** |
| VS. | | **CIVIL ACTION NO. 3:09CV423-HTW-LRA** |
| THE CITY OF JACKSON, MISSISSIPPI; TASER INTERNATIONAL, INC., JOHN DOE CORPORATIONS, 1-5; AND JOHN DOES, 1-5 | | **DEFENDANTS** |

## ORDER

THIS CAUSE came before the Court via telephonic hearing on August 25, 2010, regarding Plaintiff's Motion for Extension of Time to Submit Her Expert Reports [ECF No. 87] filed July 26, 2010. Plaintiff seeks an extension for the purpose of obtaining an Order in the state court allowing her to exhume the remains of her son, the decedent Rafael Forbes. She also contends that she needs additional time to depose the former Jackson City Police Officer Joe Nicholas Brown; she has been unable to locate Officer Brown. The City of Jackson objects to the extension, noting that this would be the fifth extension of Plaintiff's expert deadline.

The deceased, Raphael Forbes, died on August 14, 2007, at the time of his arrest by Jackson policemen. His autopsy was performed on August 15, 2007, by Steven T. Hayne, M.D. Plaintiff filed her original complaint in state court on March 11, 2009, naming the City of Jackson as Defendant, and alleging excessive force by "beating, battering and tasering Rafael Forbes." The case was removed to federal court, and a Case Management Order was entered September 16, 2009. Plaintiff's initial expert

designation due date was **December 28, 2009**. By Order filed November 13, 2009, Plaintiff was granted leave of Court to amend her complaint to add TASER International, Inc., as a Defendant. The Case Management Order was amended to require Plaintiff to designate her experts by **March 2, 2010**.

Plaintiff failed to designate her experts by March 2, 2010, and she filed a motion for an extension of time to designate experts and file reports [ECF No. 25]. A hearing was conducted regarding the motion, and the undersigned extended her economist expert deadline to **March 31, 2010**; her excessive force and TASER ECD expert deadlines were extended until **April 19, 2010.** Counsel indicated to the Court that these dates were sufficient.

Plaintiff failed to meet the April 19, 2010, deadline and again filed a motion to extend her expert deadlines or, in the alternative, to withdraw from representation [ECF Nos. 43 & 45]. A second hearing was conducted on May 12, 2010, and by Order filed May 14, 2010, the Court again extended Plaintiff's deadline until **June 14, 2010.** At the hearing, counsel had assured the Court that the deadline was sufficient.

On June 14, 2010, Plaintiff filed a Renewed Motion for an Extension of the Amended Scheduling Order Deadlines [ECF No. 72] and a Motion to Hold Designation of Experts in Abeyance Pending Exhumation and New Autopsy [ECF No. 71]. Plaintiff requested that her designation be held in abeyance in order that an exhumation and new autopsy could be performed. Plaintiff asserted that "newly discovered evidence" indicated Rafael Forbes was physically assaulted by the police officers, and that the combination of the TASER shock and the physical assault may have caused and/or contributed to Mr.

Forbes's death. Plaintiff's counsel indicated that he had initially consulted with a **Dr. Coleman Pratt** as the expert in this regard; however, Dr. Pratt was allegedly unresponsive and was replaced by **Dr. Nathaniel Brown** as her expert. According to counsel, Dr. Brown has not had enough time to review the documents; further, he needed a new autopsy to be performed to determine the actual cause of death of Rafael Forbes.

The undersigned conducted a hearing on these motions on June 29, 2010. At the hearing, Plaintiff's counsel indicated that he did not recall when he received the report on the August 15, 2007, autopsy performed by Dr. Haynes on Mr. Forbes. He also did not know when Plaintiff received the autopsy report. It was the Court's understanding that the "new evidence" referred to was the discovery of two eyewitnesses to the alleged assault of the deceased [ECF Nos. 43 & 73] and Dr. Brown's opinion that a new autopsy should be performed.

By Order [ECF No. 84] filed July 2, 2010, the Court granted Plaintiff a short extension of its expert deadline, or until July 26, 2010, in which to properly designate her experts. Instead, on July 26, 2010, Plaintiff filed the instant motion for another extension of the expert deadline [ECF No. 87]. Attached as Exhibit 1 [ECF No. 87-1] was the Motion for Exhumation filed in the circuit court on July 26, 2010. The undersigned notes that the motion was not filed until the date Plaintiff's expert reports were due, July 26th. Also attached was the Affidavit of Dr. Nathaniel Brown, M.D., [ECF No. 87-2] stating that a new autopsy of Rafael Forbes was needed in order to make an accurate determination of Mr. Forbes' death.

3

Discovery in this case ends on **September 16, 2010**. The motion deadline is September 30, 2010, and the trial is set before Judge Wingate on a docket commencing January 25, 2011. Plaintiff is unable to inform the Court as to when the autopsy might be authorized by the circuit court and when it might be completed. Counsel stated that a hearing on the autopsy request may not be conducted until December, 2010. Further, there is no timetable given for finding former Officer Joe Nicholas Brown and securing his deposition. After the autopsy is completed and Mr. Brown is deposed, Plaintiff must still obtain her full expert reports and provide same to Defendant. Defendant must be allowed the opportunity to conduct expert discovery and designate its own expert. Plaintiff's request is open-ended; the undersigned is unable to indefinitely extend Plaintiff's expert deadline.

The deadlines must have some meaning, and the Court finds that Plaintiff's deadlines cannot be indefinitely extended until she is able to cause the body to be re-autopsied and secure a new expert report. In **1488, Inc., v. Philsec Investment Corp.**, 939 F.2d 1281, 1289 (5th Cir. 1991), the Court of Appeals for the Fifth Circuit remarked that the adherence to scheduling is a critical factor "in maintaining the integrity of judicial proceedings."

The undersigned has attempted to accommodate Plaintiff's requests for additional time not only by extending expert deadlines but also by extending the trial date on three separate occasions. The initial trial date was July 26, 2010, and it was continued by the undersigned until September 13, 2010, then October 25, 2010, and finally until January 25, 2011. The undersigned is unwilling to grant a further extension and continuance

4

under the circumstances. Accordingly, the motion shall be denied. Plaintiff may apply to Judge Wingate for relief, as it is his trial docket which is affected by further continuances.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Extension of Time to Submit Her Expert Reports [ECF No. 87] filed July 26, 2010, is DENIED.

IT IS FURTHER ORDERED that Defendant Taser's Motion to Strike Plaintiff's Designation of Experts [ECF No. 75] is dismissed as moot.

SO ORDERED, this the 10th day of September, 2010.

                                /s/ Linda R. Anderson
                        UNITED STATES MAGISTRATE JUDGE